Stewart Gollan (Utah Bar No. 12524)
214 East Fifth South Street, Salt Lake City, UT 84111
(801) 328-9531; stewartgollan@utahlegalclinic.com

Justin Marceau (Calif. Bar No. 243479)
2255 E. Evans Avenue, Denver, CO 80208
(303) 871-6449; jmarceau@law.du.edu

Matthew Liebman (Calif. Bar No. 248861)
170 East Cotati Avenue, Cotati, CA 94931
(707) 795-2533, ext. 1028; mliebman@aldf.org

Matthew Strugar (Calif. Bar No. 232951)
2154 W. Sunset Blvd., Los Angeles, CA 90026
(323) 210-2263; matthew-s@petaf.org

Alan Chen (Illinois Bar No. 6197902)
2255 E. Evans Avenue, Denver, CO 80208
achen@law.du.edu

Ed Ramey (Colorado Bar No. 6748)
Heizer Paul, LLP, 2401 15th Street, Suite 300, Denver, CO 80202
eramey@hpfirm.com

Attorneys for Plaintiffs

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | | |
|---|---|---|
| **ANIMAL LEGAL DEFENSE FUND,** *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | **SCHEDULING ORDER** |
| v. | ) ) | **CIVIL NO. 2:13-cv-00679-RJS** |
| **GARY R. HERBERT**, *et al.,* | ) ) | **Judge Robert J. Shelby** |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 16(b), the Court received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 11:59 PM UNLESS INDICATED\*\***

**1.      PRELIMINARY MATTERS                                                             DATE**

Nature of claims and any affirmative defenses: Plaintiffs claim that Utah Code § 76-6-112 is an unconstitutional abridgement of their rights as protected by the First (1st) and Fourteenth (14th) Amendments to the United States Constitution. Plaintiffs seek declaratory and injunctive relief as well as an award of attorneys' fees, litigation expenses, expert witness fees, and court costs pursuant to 42 U.S.C. §§ 1983 and 1988. Defendants assert that Utah Code § 76-6-112 is constitutional and deny any violation of Plaintiffs' civil rights.

| | | |
|---|---|---|
| a. | Was Rule 26(f)(1) Conference held? | 08/19/2014 |
| b. | Have the parties submitted the Attorney Planning Meeting Form? | 08/21/2014 |
| c. | Deadline for 26(a)(1) initial disclosure? | 10/06/2014 |

**2.      DISCOVERY LIMITATIONS                                                        NUMBER**

| | | |
|---|---|---|
| a. | Maximum Number of Depositions by Plaintiff(s) | 10 |
| b. | Maximum Number of Depositions by Defendant(s) | 10 |
| c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | 7 |
| d. | Maximum Interrogatories by any Party to any Party | 25 |
| e. | Maximum requests for admissions by any Party to any Party | 50 |

| | | |
|---|---|---|
| f. | Maximum requests for production by any Party to any Party | *Not Limited* |

g. The Parties shall handle discovery of electronically stored information as follows: Electronically stored information shall be produced it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. Discovery may be served and/or answered by electronic means so long as documents are legible and in an electronic form readily accessible by the recipient. Should either party receive electronically stored data or information in a format not accessible by them, they shall promptly notify the other party that the information is not accessible or legible by them and the parties shall work in good faith to promptly resolve the matter.

h. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: If claims of privilege arise, the parties shall meet and confer in an effort to resolve the matter before seeking guidance from or intervention by the Court.

| | | |
|---|---|---|
| i. | Last day to serve written discovery: | *04/01/2015* |
| j. | Close of fact discovery: | *05/15/2015* |

| | | |
|---|---|---|
| **3.** | **AMENDMENT OF PLEADINGS/ADDING PARTIES** | **DATE** |
| a. | Last Day to File Motion to Amend Pleadings | *12/01/2014* |
| b. | Last Day to File Motion to Add Parties | *12/01/2014* |

**DATE**

3

**4.** **RULE 26(a)(2) REPORTS FROM EXPERTS**

    a. Parties bearing burden of proof — *08/14/2015*

    b. Counter reports — *30 Days after receipt of opposing report*

**5.** **OTHER DEADLINES** — **DATE**

    a. Last day for Expert discovery — *10/15/2015*

    b. Deadline for filing dispositive or potentially dispositive motions — *11/16/2015*

    c. If the parties do not intend to file dispositive or potentially dispositive motions, a scheduling conference will be held for purposes of setting a trial date. — *2:00 pm 11/23/2015*

    d. Deadline for filing partial or complete motions to exclude expert testimony — *10/15/2015*

**6.** **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** — **DATE**

    a. Referral to Court-Annexed Mediation: — *No*

    b. Referral to Court-Annexed Arbitration — *No*

    c. The parties will complete Private Mediation/Arbitration by: — *n/a*

    d. Evaluate case for Settlement/ADR on — *30 days*

*after court rules on all dispositive motions*

e. Settlement probability: poor

**7. TRIAL AND PREPARATION FOR TRIAL**
At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 3rd quarter of 2016.

**8. OTHER MATTERS**
Counsel should contact chambers staff of the judge presiding in the case regarding Markman motions to determine the desired process for filing and hearing of such motions. Parties should file all such motions and Motions in Limine well in advance of the Final Pre Trial.

Signed September 8, 2014.

BY THE COURT:

Evelyn J. Furse
U.S. Magistrate Judge

Approved as to content and form:

*/S/ Kyle Kaiser*[1]

---

Kyle Kaiser
Attorney for Defendants

---

[1] Electronically signed on behalf of Kyle Kaiser by Plaintiffs' counsel with express permission.